UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WALTERS, | No. 2:19-cv-0238-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, proceeding without counsel, commenced this social security action on February 7, 2019. (ECF No. 1.) On February 27, 2019, the court directed service of process on the Commissioner, and the docket reflects that plaintiff has apparently submitted the service of process documents to the U.S. Marshal. (ECF Nos. 5, 10.)

Also pending before the court are miscellaneous motions filed by plaintiff, which the court resolves as outlined below.

On February 28, 2019, plaintiff filed a "motion to defer and offset to 3rd party UN Security Council." (ECF No. 8.) Plaintiff appears to request that the UN Security Counsel be permitted to place the United States in temporary protective custody to restore the rule of law and correct various misdeeds purportedly committed by the United States. Because the court has no jurisdiction to grant such relief, plaintiff's motion is DENIED.

On March 7, 2019, plaintiff also filed a motion to amend his original complaint and a motion for a temporary injunction. (ECF No. 12.)

As for plaintiff's motion to amend, Federal Rule of Civil Procedure 15(a)(1) allows plaintiff to amend his pleading once as a matter of course within 21 days after serving it, without a court order. Fed. R. Civ. P. 15(a)(1)(A). Because the original complaint was never served (it appears that plaintiff submitted the amended complaint for service to the United States Marshal), the filing of a first amended complaint did not require a court order, and is now deemed the operative complaint. As such, plaintiff's motion to amend is DENIED as moot.

As for plaintiff's motion for a temporary injunction, it appears to request an order preventing a third party, The Salvation Army Hope Center located in Lodi, California, from removing plaintiff from that facility. Plaintiff indicates that finding another acceptable shelter may involve moving 1000 miles away, which implicates his ability to attend to court proceedings. Although the court is not unsympathetic to plaintiff's concerns, the court lacks jurisdiction to grant injunctive relief against a non-party to this action under the circumstances presented here.[1] Accordingly, plaintiff's motion for a temporary injunction is DENIED.

IT IS SO ORDERED. This order resolves ECF Nos. 8 and 12.

Dated: March 11, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is also advised that most social security actions are resolved on the record and written briefing without the need for hearings, and as such, plaintiff would not have to travel extensively, if at all, to litigate this case.