| | |
|---|---|
| CHRIS WALTERS, | No. 2:19-cv-238-KJN |
| Plaintiff, | |
| v. | ORDER DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, proceeding without counsel, filed a complaint on February 7, 2019, alleging that he was a recipient of retirement and SSDI benefits, but that in January of 2019, Defendant terminated those benefits.[1] (ECF No. 1.) On June 7, Defendant filed a motion to dismiss for lack of jurisdiction. (ECF No. 21.) Between April 29 and July 8, Plaintiff filed a motion to strike, a motion for discovery, a motion for summary judgment, and two motions for sanctions. (ECF Nos. 18, 19, 20, 22, 23, 24, and 25.)

For the reasons stated below, Defendant's motion to dismiss for lack of jurisdiction will be GRANTED. Further, since the Court has no jurisdiction to act on Plaintiff's complaint, all of Plaintiff's motions must be DENIED as moot.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and all parties consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).. (ECF Nos. 11, 16, 17.)

1

**Background**

Plaintiff was a recipient of benefits for retirement ($605/month) and SSDI ($182/month). In January of 2019, Defendant terminated these benefits because it determined Plaintiff was admitted to a facility where Medicare paid for more than half of his costs, and so he was no longer eligible for his benefits. (ECF No. 21–1 at ¶ 7). Defendant sought to recover approx. $533 in payments made to Plaintiff for which he was not eligible. (Id. at ¶ 8.) Plaintiff did not request reconsideration of this decision. (Id. at ¶ 9.)

Instead, Plaintiff filed the instant complaint, apparently requesting review of Defendant's decision under 42 U.S.C. § 423 ("Disability Insurance Benefit Payments"), 28 U.S.C. § 1331 ("Federal Question Jurisdiction"), and the Due Process Clause of the Fifth Amendment. (ECF No. 1.) Between April 29 and July 8, Plaintiff has also filed a motion to strike, a motion for discovery, a motion for summary judgment, and two motions for sanctions. (ECF Nos. 18, 19, 20, 22, 23, 24, and 25.)

**Analysis**

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As such, they may only review cases as authorized by either the Constitution or a federal statute. Id. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." Morongo Band of Mission Indians v. California Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Congress has limited federal courts' jurisdiction over Social Security determinations. Under the Social Security Act, federal courts may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Final decisions come after the claimant completes the SSA's administrative review process. See 20 C.F.R. § 416.1400(a)(1)–(5) (enumerating the four steps in the administrative review process); Califano v. Sanders, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits judicial review to ... a 'final decision' of the [Commissioner] made after a hearing.").

1 | Here, the Court finds that Plaintiff has not fully exhausted his administrative remedies, and so the Court must dismiss the case for lack of subject matter jurisdiction. Step one requires the Agency to provide the claimant with an initial determination. 20 C.F.R. § 416.1400(a)(1). This happened when Defendant sent Plaintiff its determination in January of 2019 that his benefits were to be terminated. (See ECF No. 21–1 at Ex. C, SSA's Letter of Decision.) However, Plaintiff is required under the regulations to request reconsideration of the initial determination, and if dissatisfied, request a hearing before an ALJ and Appeals Council. See 20 C.F.R. § 416.1400(a)(2–4); see also ECF No. 21–1 at Ex. 3, (describing Plaintiff's right of appeal). Only after Plaintiff completes this process—and the Commissioner enters a final decision—may a Court review the termination of benefits. 20 C.F.R. §§ 416.1467; 416.1405, 416.1421, 416.1455, 416.1481.

Further, 42 U.S.C. § 405(h) explicitly states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [] of Title 28 to recover on any claim arising under this subchapter." Thus, Plaintiff's assertion that the Court has jurisdiction under 28 U.S.C. § 1331 is without merit. Similarly, Plaintiff's asserted due–process claim under the Fifth Amendment does not provide for a grant of jurisdiction. See, e.g., Taylor v. Astrue, 2008 WL 3823718, at *2 (N.D. Cal. Aug. 13, 2008), at *2 (dismissing due process claim in SSI benefits complaint because "Section 405(g) provides the sole express jurisdictional basis for judicial review.") (citing Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992)). Finally, the Court cannot waive the exhaustion requirement under Bowen v City of New York, as Plaintiff's claim is one for benefits. See 476 U.S. 467, 483 (1986); see also Taylor, 2008 WL 3823718 at *4 ("A constitutional claim that merits waiver of the exhaustion requirement must be: (1) collateral to a substantive claim of entitlement; (2) colorable in its showing that denial of relief will cause irreparable harm; and (3) one whose resolution would not serve the purposes of exhaustion.") (citing Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003)).

///

///

Because the Court has no jurisdiction over Plaintiff's complaint, it must deny as moot his motion to strike, a motion for discovery, a motion for summary judgment, and two motions for sanctions.  (ECF Nos. 18, 19, 20, 22, 23, 24, and 25.)

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction (ECF No. 21) is GRANTED;

2. Plaintiff's motion to strike, motion for discovery, motion for summary judgment, and two motions for sanctions (ECF Nos. 18, 19, 20, 22, 23, 24, and 25) are DENIED AS MOOT; and

3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  July 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

walt.238